IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:

| | |
|---|---|
| American Reliable Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Faster Construction LLC; Toll Bros., Inc.; and Cortney Howell,<br><br>Defendants. | Civil Action No. 2:26-cv-00129-BHH<br><br>**COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff American Reliable Insurance Company ("American Reliable"), with regard to the above-named Defendants, would respectfully allege and show as follows:

**JURISDICTION**

1.     American Reliable is an insurance company organized and existing under the laws of the State of Arizona with its principal place of business in Arizona; American Reliable is authorized to transact business in the State of South Carolina.

2.     Upon information and belief, Defendant Faster Construction LLC (hereinafter "Faster") is a limited liability company organized on existing under the laws of the State of South Carolina, and its principal place of business was in South Carolina.

3.     Upon information and belief, Defendant, Toll Bros., Inc. (hereinafter "Toll") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

4.     Upon information and belief, Defendant Cortney Howell is a citizen and resident of the State of South Carolina.

Page **1** of **13**

5. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings American Reliable asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

## FACTUAL ALLEGATIONS

8. American Reliable Casualty Company issued Commercial General Liability (CGL) policy number HGL02999902 to Faster Construction LLC for the period from April 5, 2020 to April 5, 2021. A copy of this policy is attached as Exhibit A.

9. The above-referenced policy (hereinafter "the Policy") provides coverage for certain risks under the insuring agreement and excluded certain risks through policy exclusions. Plaintiff craves reference to the Policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

10. Toll is not listed as a named insured under the Policy.

11. The Policy contains the following relevant provisions regarding who is entitled to coverage provided thereunder:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured . . . .

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words or phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I - COVERAGES**

**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . . .

12. The policy contains the following relevant provisions within Section II – Who Is An Insured:

   **SECTION II – WHO IS AN INSURED**

   1. If you are designated in the Declarations as:

      a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

      * * *

      c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

      * * *

   2. Each of the following is also an insured:

      a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" . . . , but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . . .

      b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

      c. Any person or organization having proper temporary custody of your property if you die . . . .

    **d.** Your legal representative if you die, but only with respect to duties as such. . . . .

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. . . . .

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

13.    The insuring agreement of the Policy provides in relevant part as follows:

**SECTION I - COVERAGES**

**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . . .

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" . . . ; [and]

        **(2)** The "bodily injury" or "property damage" occurs during the policy period . . . ; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II -** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. . . . .

14.    The Policy defines "occurrence" as follows:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15.    The Policy defines "bodily injury" as follows:

**20.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

16. The Policy contains Endorsement CG 80 13 11 04, which provides in relevant part as follows:

**CONTRACTORS ADDITIONAL INSURED ENDORSEMENT WITH
PRODUCTS-COMPLETED OPERATIONS COVERAGE**

\* \* \*

Schedule

| Name of Persons or Organization | Designated Projects |
|---|---|
| TOLL SOUTHEAST LP COMPANY INC.<br>TOLL BROTHERS INC. TOLL BROS INC<br>421 WANDO PARK BLVD, UNIT 230<br>MT PLEASANT, SC 29464 | |

**A. WHO IS AN INSURED (Section II)** is amended to include as an insured any person or organization, including any person or organization shown in the schedule above, (called additional insured) whom you are required to add as an additional insured on this policy under a written agreement; but the written contract or written agreement must be:

   **1.** Currently in effect or becoming effective during the term of this policy; and

   **2.** Executed prior to the "bodily injury", "property damage", or "personal and advertising injury".

**B.** The insurance provided to the additional insured is limited as follows:

   **1.** That person or organization is an additional insured solely for liability due to your negligence specifically resulting from "your work" for the additional insured which is the subject of the written contract or written agreement. No coverage applies to liability resulting from the sole negligence of the additional insured.

   **2.** The Limits of Insurance applicable to the additional insured are those specified in the written contract or written agreement or in the Declarations of this policy, whichever is less. These Limits of Insurance are inclusive of, and not in addition to, the Limits of Insurance shown in the Declarations.

   **3.** The coverage provided to the additional insured by this endorsement and paragraph **f.** of the definition of "insured contract" under **DEFINITIONS (Section V)** do not apply to "bodily injury", "property damage" arising out of the "product-completed operations hazard" unless required by written contract or written agreement.

\* \* \*

**C.** As respects the coverage provided under this endorsement, **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** are amended as follows:

   **1.** The following is added to the Duties in The Event of Occurrence, Offense, Claim or Suit Condition:

  **e.** An additional insured under this endorsement will as soon as practicable:

   **(1)** Give written notice of an occurrence or an offense to us which may result in a claim or "suit" under this insurance;

   **(2)** Tender the defense and indemnity of any claim or "suit" to any other insurer which also has insurance for a loss we cover under this Coverage Part; and

   **(3)** Agree to make available any other insurance which an additional insured has for a loss we cover under this Coverage Part.

  **f.** We have no duty to defend or indemnify an additional insured under this endorsement until we receive written notice of a claim or "suit" from the additional insured.

 **2.** Paragraph **4.b** of the **Other Insurance Condition** is deleted and is replaced with the following:

  **4. Other Insurance**

  **b. Excess Insurance**

  This insurance is excess over any other insurance naming the additional insured as an additional whether primary, excess, contingent or on any other basis unless a written contract or written agreement specifically requires that this insurance be wither primary or primary and noncontributing.

17. The Policy contains Endorsement CG 80 01 11 04, which provides in relevant part as follows:

### AMENDMENT TO COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

 **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** item **1.a (2)** is replaced by the following:

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid or payable as salaries, wage, compensation, fees, charges, interest or expenses for doctors, nurses, and investigators and other persons, and for settlement, adjustment, investigation and defense of claims and excluding only the Insured's salaries or the salaries of any underlying insurer's permanent employees.

* * *

**SUPPLEMENTARY PAYMENTS – COVERAGE A AND B**

**SUPPLEMENTARY PAYMENTS – COVERAGE A AND B –** Item **1.a.** is replaced by the following:

   a.  We have up to the applicable limit of insurance in the payment of judgments or settlements, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid or payable as salaries, wage, compensation, fees, charges, interest or expenses for doctors, nurses, and investigators and other persons, and for settlement, adjustment, investigation and defense of claims and excluding only the Insured's salaries or the salaries of any underlying insurer's permanent employees; and

**SECTION III – LIMITS OF INSURANCE**

\* \* \*

Item **3.** is replaced by the following;

   **3.**  The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damage because of "bodily injury" and "property damage" and hospital, medical and funeral charges and all sums paid or payable as salaries, wage, compensation, fees, charges, interest or expenses for doctors, nurses, and investigators and other persons, and for settlement, adjustment, investigation and defense of claims included in the "products-completed operations hazard."

\* \* \*

Item **5.b.** is amended and item **5.c.** has been added:

   **5.b.**  Medical expenses under Coverage **C;** and

   **5.c.**  Hospital, medical and funeral charges and all sums paid or payable as salaries, wages, compensation, fees, charges, interest, or expenses for doctors, nurses, and investigators and other persons, and for settlement, adjustment, investigation and defense of claims.

ALL OTHER TERMS & CONDITIONS OF THE POLICY NOT EXPRESSLY MODIFIED HERE IN REMAIN UNCHANGED.

   18.    The Policy contains Endorsement CG 80 16 11 04, which provides in relevant part as follows:

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

\* \* \*

This insurance does not apply to:

   i.   "Bodily injury" to any "employee" of any insured, to any contractor hired or retained by or for any insured or to any "employee" of such contractor, if such claim for "bodily injury" arises out of and in the course of his employment or retention of such contractor by or any insured, for which any insured may become liable in any capacity;

   ii.  Any obligation of any insurance to indemnify or contribute with another because of damages arising out of the "bodily injury"; or

   iii.  "Bodily injury" sustained by the spouse, child, parent, brother or sister of any employee of any insured, or of a contractor, or of an "employee" of a contractor of any insured as a consequence of "bodily injury" to such

"employee", contractor or "employee" of such contractor, arising out of and in the course of such employment or retention by or for any insured.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.

This exclusion replaces the exclusion relating to "bodily injury" to employees and relatives of employees contained in the Exclusions Section of the policy to which this endorsement is attached.

19. The Policy contains endorsement CG 80 41 08 09, which provides in relevant part as follows:

### INDEPENDENT CONTRACTORS - TOTAL EXCLUSION

* * *

This insurance does not apply and we have no duty to defend or investigate any claim, "suit" or demand alleging "bodily injury", including psychological injury "personal injury", "advertising injury", "property damage" or medical payments arising from operations performed for "you" or on your behalf, by any volunteer, independent contractor or sub-contractor of "yours".

"Volunteer" is defined as a person that is working for "you" of his own free will, is not being paid as a contractor and has no legal interest in the property or services provided.

20. The Policy contains Endorsement CG 80 19 11 04, which provides in relevant part as follows:

### PUNITIVE DAMAGES EXCLUSION ENDORSEMENT

* * *

This insurance does not apply to:

Any amounts or damages awarded against an "insured" as punitive or exemplary damages.

21. The Policy contains Endorsement CG 80 03 11 04, which provides in relevant part as follows:

**EXCLUSION – TYPE OF PROJECTS**

\* \* \*

**SCHEDULE**

**TYPES OF PROJECTS BEING CONSTRUCTED**

Tract Homes

Condominiums

Apartments

Townhomes

Projects in excess of 25 units in a 12-month period

As respects the type of projects shown in the Schedule, this insurance does not apply.

22.     Upon information and belief, Cortney Howell filed an action in the Court of Common Pleas for Berkeley County, South Carolina styled as follows: <u>Cortney Howell vs. Faster Construction, LLC, *et al.*</u>, Civil Action number 2023-CP-08-02250 (hereinafter "Underlying Lawsuit").  A copy of the Complaint is attached as Exhibit B.

23.     The Complaint alleges that Howell was delivering roofing supplies to the site of a residence under construction when he stepped on a toe board that broke, causing him to fall.

24.     As alleged, Toll was the general contractor and Faster was the framing subcontractor for the project.

25.     The Underlying Lawsuit seeks actual and punitive damages for negligence causing Howell's injuries.

26.     Upon information and belief, Faster denies that it installed or placed the toe board involved in Howell's injury and maintains that Faster's framing work was completed, Faster had left the site, and roofing installation had begun when the accident occurred.

27.     Upon information and belief, Faster performed some or all of its work on this job through subcontractors.

28. Upon information and belief, the residence in question is a tract home.

## FOR A FIRST DECLARATION

29. American Reliable repeats, re-alleges, and incorporates paragraphs 1 through 28 as if fully set forth herein verbatim.

30. Toll is not listed as a named insured under the Policy.

31. Toll qualifies as an additional insured under the Policy only for liability it incurs due to Faster's negligence. Toll does not qualify as an additional insured with respect to its sole negligence.

32. Upon information and belief, Howell's injuries were not caused by Faster's negligence.

33. Upon information and belief, Howell's injuries were caused by the negligence of other contractors or suppliers and/or Toll's sole negligence.

34. Therefore, American Reliable requests a declaration that the Policy does not provide coverage for Toll because it does not qualify as an insured for purposes of this claim.

## FOR A SECOND DECLARATION

35. American Reliable repeats, re-alleges, and incorporates paragraphs 1 through 34 as if fully set forth herein verbatim.

36. The Policy provides that defense costs are within the limit of liability coverage.

37. American Reliable requests a declaration that defense costs are subject to the policy limit and as to the amount of coverage available for this claim.

## FOR A THIRD DECLARATION

38. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 37 as if fully set forth herein verbatim.

39. The Policy excludes coverage for claims for "bodily injury" to employees of any contractors hired by any insured.

40. Upon information and belief, Howell was an employee of a contractor hired by Toll.

41. American Reliable requests a declaration that, in the alternative that Toll may be found to qualify as an insured, the Policy excludes coverage because Howell was an employee of a contractor working for Toll.

**FOR A FOURTH DECLARATION**

42. American Reliable repeats, re-alleges, and incorporates paragraphs 1 through 41 as if fully set forth herein verbatim.

43. The Policy excludes coverage for claims for "bodily injury" caused by subcontractors or independent contractors working for Faster.

44. In the alternative that Howell's injuries are found to have been caused by a subcontractor or independent contractor working for Faster, coverage is excluded.

45. Therefore, American Reliable is entitled to a declaration that coverage does not exist for this claim.

**FOR A FIFTH DECLARATION**

46. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 45 as if fully set forth herein verbatim.

47. The Policy excludes coverage for punitive and exemplary damages.

48. American Reliable requests a declaration that the Policy does not provide coverage for any punitive damages that may be awarded in the Underlying Lawsuit.

## FOR A SIXTH DECLARATION

49.     American Reliable repeats, re-alleges, and incorporates paragraphs 1 through 48 as if fully set forth herein verbatim.

50.     The Policy excludes coverage for certain types of projects, including tract home projects.

51.     Upon information and belief, the site where Howell's injuries occurred was a tract home construction project.

52.     American Reliable requests a declaration that coverage does not exist for this claim.

## RESERVATION OF RIGHTS

53.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 52 as if fully set forth herein verbatim.

54.     American Reliable reserves its right to assert coverage defenses that are not raised in this action.

55.     American Reliable reserves its right to amend its pleadings in this action to assert any defenses that may be found to apply during the course of this action.

Accordingly, American Reliable requests that this honorable Court inquire into these matters and declare that Toll does not qualify as an insured and that coverage does not exist and American Reliable owes no duty to indemnify because coverage does not exist for this claim, or in the alternative, American Reliable requests a declaration as to the amount of covered damages, together with American Reliable's costs and disbursements incurred and such other and further relief as the court may deem just and proper.

*[Signature page follows]*

        Respectfully submitted,

        MURPHY & GRANTLAND, P.A.

        *s/Timothy J. Newton*
        Timothy J. Newton, Esquire (Fed. I.D. #9807)
        Post Office Box 6648
        Columbia, South Carolina 29260
        (803) 782-4100
        tnewton@murphygrantland.com
        Attorney for Plaintiff

Columbia, South Carolina
January 13, 2026